ETHRIDGE, Chief Justice.
Lillie Mae Thompson, appellant, was convicted of burglary in the Circuit Court of Attala County. We affirm.
R. L. Shields and his wife were building a new home, and they stored some silverware, chinaware, and fifteen quilts in a small, unoccupied house in his brother’s backyard, thirty feet from the residence. He locked the windows and doors, but upon returning two months later, the doors were open and someone had taken these items. Sheriff Alvin Malone received information about these events and about appellant’s possible connection with them, so a deputy sheriff brought her to the county jail for questioning. Before the interrogation the sheriff said the following transpired:
She was advised that she didn’t have to make any statement, and that she had a right to counsel, that is, an attorney, and that any statement she made could be used against her in a court of law, and then she was asked if she wanted an attorney or wanted to make a statement, and she said she didn’t mind making a statement at the time.
The Sheriff also told Thompson of the nature of the charges against her, that she was accused of having some property belonging to R. L. Shields. The interrogation lasted not over thirty minutes, during which no promises or threats were made to her. She admitted that she had taken the property from the building by herself, and said no one was with her. She carried it home, and told her husband that the people for whom she worked had given it to her. On cross-examination the sheriff said that his deputy made the arrest, and he was sure he had a warrant for her arrest.
For purposes of this case, we will assume that appellant had a right .to counsel at this stage of the investigation. Cf. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758,12 L.Ed.2d 977 (1964). However, appellant intelligently and competently waived that right. The sheriff adequately and clearly advised her before the im-terrogation that she had the right to remain silent and to have an attorney.
No product of any search of appellant’s premises was introduced in evidence, *748 so there is no issue of an illegal search and seizure. Appellant’s counsel did not develop this point at the trial, made no motion for production of an affidavit and search warrant, and thus no issue exists as to whether an illegal search and seizure was used to extract the confession.
Affirmed.
RODGERS, JONES, SMITH and ROBERTSON, JJ., concur.